UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20363-CR-RUIZ/LOUIS

UNITED STATES OF AMERICA

vs.

ISSA ASAD,

    Defendant.
_____/

**PLEA AGREEMENT**

The United States Attorney's Office for the Southern District of Florida ("this Office") and Issa Asad, (hereinafter referred to as the "Defendant"), enter into the following plea agreement (the "Agreement"):

1. The Defendant understands that he has the right to have the evidence and charges against him presented to a federal grand jury for determination of whether or not there is probable cause to believe he committed the offenses with which he is charged. Understanding this right, and after full and complete consultation with his counsel, the Defendant agrees to waive in open court his right to prosecution by indictment and agrees that the United States may proceed by way of an information to be filed pursuant to Rule 7 of the Federal Rules of Criminal Procedure.

2. The Defendant agrees to plead guilty to a two count information. The Defendant agrees to plead guilty to Count 1, which charges the Defendant with conspiring to (1) commit offenses against the United States, specifically, (a) a violation 18 U.S.C. § 1343 (wire fraud) and (b) 18 U.S.C. § 641 (theft of government funds), and (2) defraud the United States, all in violation of 18 U.S.C. § 371. The Defendant also agrees to plead guilty to Count 2, which charges the Defendant with one count of money laundering, in violation of 18 U.S.C. § 1957. This Agreement

includes only the conduct set forth in the accompanying factual basis and excludes crimes of violence and any tax offenses.

3. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory Sentencing Guidelines range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 2 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The Defendant also understands and acknowledges that, for Count 1, the Court may impose a statutory maximum term of imprisonment of up to five (5) years, followed by a term of supervised release of up to three (3) years. In addition to a term of imprisonment and supervised

release, the Court may impose a fine of up to the greater of $250,000, pursuant to 18 U.S.C. § 3571(a)(3), or twice the pecuniary gain or loss caused by the offense, pursuant to 18 U.S.C. § 3571(d), and must order restitution.

5. As for Count 2, the Court may impose a statutory maximum term of imprisonment of up to ten (10) years, followed by a term of supervised release of up to three (3) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to the greater of $250,000, pursuant to 18 U.S.C. § 3571(a)(3), or twice the amount of the laundered funds, pursuant to 18 U.S.C. § 1957(b)(1), and must order restitution.

6. The Defendant further understands and acknowledges that, in addition to any sentence imposed, a special assessment in the amount of $200 will be imposed.

7. The Defendant agrees that he will owe restitution in the amount of $109,637,057 to the FCC, owed joint and several with Q Link Wireless LLC, joint and several with co-defendant Q Link Wireless, to be paid in full, immediately before or at the time of sentencing. The Defendant agrees that he will relinquish all claims to funds currently held by the FCC Lifeline program due to the Defendant and that amount will be applied to the restitution due to the FCC. That amount is the greater of $19,606,868 or the amount held by the FCC Lifeline program at the time of sentencing. The Defendant also understands that this restitution agreement does not preclude an individual from receiving restitution required under the law. The Defendant further agrees that all restitution paid pursuant to the Agreement will be credited toward any separate Civil False Claims Act Settlement covering the same conduct in the Agreement.

8. The Defendant agrees that, upon sentencing, he shall not participate in any program administered by the FCC, nor shall any related, parent or subsidiary companies, including, but not limited to, Q Link Wireless LLC, Quadrant Holdings Group LLC, and QLixar Corporation. The Defendant agrees that he will not: (a) participate directly or indirectly in any contracts or subcontract funded in whole or in part by the FCC, whether acting as a service provider, marketing agent, consultant, or in any other capacity; (b) engage directly or indirectly in any activities related to FCC programs; or (c) receive any commissions, payments or remuneration of any kind related to the provision of FCC administrated programs, no matter how denominated.

9. The Defendant agrees that he will owe restitution in the amount of $1,758,339.25 to the Small Business Administration as to Count 2.

10. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

11. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's

own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and these recommendations if the defendant: (a) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; or (b) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

12. Acknowledging that the parties' recommendations as to sentencing are not binding on the probation office or the Court, this Office and the defendant agree that, at sentencing, as to Count 1 (conspiracy to commit wire fraud, theft of government funds, and interfere with the lawful function of the FCC):

 (a) <u>Base Offense Level</u>: The Defendant's base offense level is twelve (12), in accordance with U.S.S.G. § 2C1.1(a)(2);

 (b) <u>Loss</u>: The Defendant's offense level shall be increased by twenty-four (24) levels pursuant to U.S.S.G. § 2B1.1(b)(1)(M) because the loss to the government was between $65,000,000 and $150,000,000, in accordance with U.S.S.G. § 2C1.1(b)(2); and

 (c) <u>Obstruction of Justice</u>: The Defendant's offense level shall be increased by two (2) levels pursuant to U.S.S.G. § 3C1.1 because the Defendant obstructed or impeded the administration of justice with respect to the investigation or prosecution of the offense.

13. The Defendant acknowledges and understands that additional or different enhancements or provisions of the Sentencing Guidelines might be applicable as to Count 1. The

Office and the Defendant both agree to jointly recommend application of the above guidelines calculations as to Count 1, and furthermore, that the Defendant should receive a sentence of the statutory maximum term of 60 months imprisonment as to Count 1. Defendant further agrees that he will not argue for a downward departure or a variance as to Count 1. Defendant further agrees that, under the factors set forth in 18 U.S.C. § 3553(a), no variance or departure below 60 months imprisonment is warranted as to Count 1.

14. As to Count 2 (money laundering), again acknowledging that the parties' recommendations as to sentencing are not binding on the probation office or the Court, this Office and the defendant agree that, at sentencing:

- (a) <u>Base Offense Level</u>: The Defendant's base offense level is six (6), in accordance with U.S.S.G. § 2S1.1(a)(2);

- (b) <u>Loss</u>: The Defendant's offense level shall be increased by sixteen (16) levels pursuant to U.S.S.G. § 2B1.1(b)(1)(I) because the loss to the victim was between $1,500,000 and $3,500,000; and

- (c) <u>1957</u>: The Defendant's offense level shall be increased by one (1) level pursuant to U.S.S.G. § 2S1.1(b)(2)(A) because the defendant was convicted of money laundering.

15. The Defendant acknowledges and understands that additional or different enhancements or provisions of the Sentencing Guidelines might be applicable as to Count 2. The Office and the defendant both agree to jointly recommend application of the above guidelines calculations as to Count 2. The Office and the Defendant both agree to jointly recommend that the Defendant's sentences for Count 1 and Count 2 must be served concurrently and that the Defendant's total recommended sentence for both counts is 60 months.

16. The Defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw the Defendant's plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

17. The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to (1) any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense, in violation of 18 U.S.C. §§ 641, 1343, pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c), and the provisions of 21 U.S.C. § 853; and (2) any property, real or personal, involved in the commission of the offense, in violation of 18 U.S.C. § 1957, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1)(A), and the provisions of 21 U.S.C. § 853. In addition, the Defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to:

    a. a forfeiture money judgment in the sum of $17,484,118.00 in U.S. currency, which sum represents the value of the property subject to forfeiture (the "Forfeiture Money Judgment");

7

  b.  directly forfeitable and substitute property, including, but not limited to:

    i.  All funds on deposit in the following account at Arab Bank in Jordan (the "Jordan Bank Account"):

Accountholders: Issa Asad and Noha Yousef Asad
Possible IBAN variations:
IBAN #.                                                          7500
IBAN #                                                           7700
Account number                      -500
Other possible account variation:                 701
SWIFT Code:                        <100

    ii.  the following real properties: 

, 99 E Sheridan Street #2 and #3, Dania Beach FL 33004.

If the forfeiture money judgment is paid in full within 90 days of the execution of the Agreement, the United States will not pursue forfeiture of the above-mentioned assets. If the forfeiture money judgment is not paid in full within 90 days of the execution of the Agreement, or the Parties do not agree to an extension of the timeframe for such satisfaction, the United States can pursue forfeiture of above-mentioned assets. The amount transferred to the United States will be credited against the Defendant's Forfeiture Money Judgment.

  18.  The Defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the Defendant agrees to waive: any applicable time limits for administrative or judicial

forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

19. The Defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the Defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The Defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

20. The Defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the Defendant the right to appeal the sentence imposed in this case.  Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing.  The Defendant further expressly waives his right to appeal based on arguments that (a) the statutes to which the Defendant is pleading guilty are unconstitutional and (b) the defendant's admitted conduct does not fall within the scope of the statutes.  The Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291.  However, if the United States appeals

the Defendant's sentence pursuant to Sections 3742(b) and 1291, the Defendant shall be released from the above waiver of appellate rights. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney.

21. If the Defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

   a. The United States will be released from its obligations under this agreement. The Defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

   b. The Defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecutions, the defendant agrees to waive any statute-of-limitations defense; and

   c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The Defendant waives any right to claim that statements made before, on, or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the Defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P.

10

11(f), the Sentencing Guidelines or any other provision of the Constitution of federal law.

22. This Agreement is limited to this Office, and as such, does not bind other federal, state, regulatory, or local prosecuting authorities.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 6/15/24           By: _____
                            DANIEL BERNSTEIN
                            ASSISANT UNITED STATES ATTORNEY

Date: 10/15/24          By: _____
                            ELIZABETH YOUNG
                            AUSA, DEPUTY CHIEF

Date: _____           By: _____
                            JOHN SHIPLEY
                            AUSA, SENIOR COUNSEL

Date: 10/15/24          By: _____
                            MATTHEW MENCHEL
                            MICHAEL SHERWIN
                            EVELYN SHEEHAN
                            COUNSEL FOR ISSA ASAD

Date: 10/15/24.         By: _____
                            ISSA ASAD
                            DEFENDANT

11