UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20363-CR-RUIZ/LOUIS

UNITED STATES OF AMERICA

vs.

Q LINK WIRELESS LLC,

    Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Q Link Wireless LLC, (hereinafter referred to as the "Defendant"), enter into the following plea agreement (the "Agreement"):

1. The Defendant understands that it has the right to have the evidence and charges against it presented to a federal grand jury for determination of whether or not there is probable cause to believe it committed the offense with which it is charged. Understanding this right, and after full and complete consultation with counsel, the Defendant agrees to waive in open court its right to prosecution by indictment and agrees that the United States may proceed by way of an information to be filed pursuant to Rule 7 of the Federal Rules of Criminal Procedure.

2. The Defendant agrees to plead guilty to a one count information. The Defendant agrees to plead guilty to one count charging the Defendant with conspiring to (1) commit offenses against the United States, specifically, (a) a violation 18 U.S.C. § 1343 (wire fraud) and (b) 18 U.S.C. § 641 (theft of government funds), and (2) defraud the United States, all in violation of 18 U.S.C. § 371.

3. The Defendant agrees to admit that it is fact guilty of the felony offense charged in the information through the actions of its employees, acting with the scope of their employment.

4. The Defendant agrees that this Agreement will be executed by an authorized corporate representative.

5. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory Sentencing Guidelines range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 2 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

6. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 371 is: (a) a fine of $500,000 or twice the gross pecuniary gain or

gross pecuniary loss resulting from the offense, whichever is greatest (Title 18, United States Code, Sections 371 and 3571(c) and (d)); (b) five (5) years' probation (Title 18, United States Code, Section 3561(c)(1)); (c) a mandatory special assessment of $400 (Title 18, United States Code, Section 3013(a)(2)(B)); (d) restitution in the amount ordered by the Court (Title 18, United States Code, Section 3663); and (e) criminal forfeiture as set forth below in Paragraph 14 (Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c)). In this case, the parties agree that the gross pecuniary gain resulting from the offense is $109,637,057. Therefore, pursuant to Title 18, United States Code, Section 3571(d), the maximum fine that may be imposed is twice the gross gain, or approximately $219,274,114.

7. The Defendant agrees that it will owe restitution in the amount of $109,637,057 to the Federal Communications Commission (FCC), to be paid in full, joint and several with co-defendant Issa Asad, immediately at the time of sentencing. The Defendant also understands that this restitution agreement does not preclude an individual from receiving restitution required under the law. The Defendant agrees that it will relinquish all claims to funds currently held by the FCC Lifeline program due to the Defendant and that amount will be applied to the restitution due to the FCC. That amount is the greater of $19,606,868 or the amount held by the FCC Lifeline program at the time of sentencing. The Defendant further agrees that all restitution paid pursuant to the Agreement will be credited toward any separate Civil False Claims Act Settlement covering the same conduct in the Agreement.

8. The Defendant agrees that, at the time of sentencing, it shall not participate in any program administered by the FCC, nor shall any related, parent or subsidiary companies, including,

but not limited to, Quadrant Holdings Group LLC, and QLixar Corporation. The Defendant agrees that it will not: (a) participate directly or indirectly in any contracts or subcontract funded in whole or in part by the FCC, whether acting as a service provider, marketing agent, consultant, or in any other capacity; (b) engage directly or indirectly in any activities related to FCC programs; or (c) receive any commissions, payments or remuneration of any kind related to the provision of FCC administered programs, no matter how denominated.

9. The Defendant agrees to cooperate with the FCC in the transition of all customers of any program administered the FCC to other telecommunications providers.

10. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

11. The Office and the Defendant agree that a faithful application of the Sentencing Guidelines to determine the applicable fine range yields the following analysis:

    (a)    The November 1, 2023 Sentencing Guidelines are applicable to this matter.

    (b)    <u>Offense Level</u>. Based upon U.S.S.G. § 2C1.1 and 2X1.1, the total offense level is 38, calculated as follows:

| | | |
|---|---|---|
| 2C1.1(a)(2) | Base Offense Level | 12 |
| 2C1.1(b)(2) | Loss (More than $65 Million) | +24 |
| **TOTAL** | | 36 |

(c) Base Fine. Based upon U.S.S.G. § 8C2.4(a)(2), the base fine is $109,637,057 (the pecuniary gain to the Defendant from the offense).

(d) Culpability Score. Based upon U.S.S.G. § 8C2.5, the culpability score is 7, calculated as follows:

| | | |
|---|---|---|
| (a) | Base Culpability Score | 5 |
| (b)(4) | 50 or More Employees and High-Level Personnel | +2 |
| (e) | Obstruction of Justice | +3 |
| (g)(2) | Acceptance | -1 |
| **TOTAL** | | 9 |

Calculation of Fine Range:

| | |
|---|---|
| Base Fine | $109,637,057 |
| Multipliers | 1.8 (min) / 3.6 (max) |
| Fine Range | $197,346,704 (min) / $394,693,405 (max) |

12. The Defendant has made representations to the Office that it has an inability to pay a criminal fine in excess of the agreed upon restitution amount, pursuant to U.S.S.G. § 8C2.2. The Office will conduct an analysis of the accuracy of Defendant's representations before sentencing.

13. The parties agree that the $109,637,057 in restitution due to the FCC, pursuant to the Agreement, shall be paid as restitution not as forfeiture.

14. The Defendant agrees to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense, in violation of 18 U.S.C. §§ 641, 1343, pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c), and the provisions

of 21 U.S.C. § 853. In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to a forfeiture money judgment in the sum of at least $109,637,057 in U.S. currency, which sum represents the value of the property subject to forfeiture (the "Forfeiture Money Judgment"). The parties further agree that all forfeiture paid pursuant to the Agreement will be credited toward co-defendant Issa Asad's forfeiture money judgment.

15. The Defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the Defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

16. The Defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the Defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The Defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

17. The Defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the Defendant the right to appeal the sentence imposed

in this case.  Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing.  The Defendant further expressly waives his right to appeal based on arguments that (a) the statutes to which the defendant is pleading guilty are unconstitutional and (b) the defendant's admitted conduct does not fall within the scope of the statutes.  The Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291.  However, if the United States appeals the Defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights.  By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

18. If the Defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then the Defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed.

19. This is the entire agreement and understanding between this Office and the Defendant.  There are no other agreements, promises, representations, or understandings.

20. This Agreement is limited to this Office, and as such, does not bind other federal, state, regulatory, or local prosecuting authorities.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 10/15/24      By: _____
                         DANIEL BERNSTEIN
                         ASSISANT UNITED STATES ATTORNEY

Date: 10/15/24      By: _____
                         ELIZABETH YOUNG
                         AUSA, DEPUTY CHIEF

Date: 10/15/24      By: _____
                         JOHN SHIPLEY
                         AUSA, SENIOR COUNSEL

Date: 10/15/24      By: _____
                         BRIAN HEBERLIG
                         WILL DRAKE
                         COUNSEL FOR Q LINK WIRELESS LLC

Date: 10/15/24      By: _____
                         ISSA ASAD
                         Chief Executive Officer, Q LINK WIRELESS LLC
                         DEFENDANT